THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LATOYA HUMPHREY,

    Plaintiff,

v.                                  Case No._____
                                          JURY DEMANDED

IPS CORPORATION

    Defendant.

## COMPLAINT

Plaintiff, LaToya Humphrey, brings this cause of action against the Defendant for compensatory and punitive damages arising from race and retaliation discrimination and would show this Honorable Court and a jury of her peers the following:

### Parties, Jurisdiction, and Venue

1.    IPS Corporation ("IPS") — a California Corporation with its principal place of business located at 455 W. Victoria Street, Compton, California 90220.  IPS is a company that manufactures adhesives, solvent, cements and numerous components and supplies for the plumbing construction and plastic fabrication industry.  IPS has an office located at 500 Distribution Parkway, Collierville, Tennessee 38017.  IPS may be served via its Registered Agent for Service of Process Paracorp Incorporated, 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.  IPS employs the requisite number of employees for coverage under Title VII

of the Civil Rights Act. At all times relevant hereto, IPS was the employer of the Plaintiff.

2. Plaintiff LaToya Humphrey ("Humphrey") is a resident of Shelby County and resides in Collierville, Tennessee.

3. The acts upon which this lawsuit are based arose in Shelby County, Tennessee, and IPS's office is located within this County, making venue proper in this Court.

4. Jurisdiction is proper under 28 U.S.C. § 1331 and Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.*

5. Humphrey submitted a Charge of Discrimination to the EEOC, received a Right to Sue, and filed this action within 90 days of receiving her Right to Sue. A copy of the "Right to Sue" is attached hereto as Exhibit A.

## Facts

6. Humphrey is an African-American female.

7. Humphrey became an employee of IPS on or about September 2011.

8. While employed at IPS, Humphrey was the subject of blatantly racial, inappropriate statements by her supervisor, Bobbie Watson, and Ms. Watson's daughter.

9. Ms. Humphrey's direct supervisor, Ms. Watson, showed favoritism and treated similarly-situated white employees and other white employees better than Ms. Humphrey.

10. During Ms. Humphrey's tenure with IPS, she noted preferential treatment of similarly-situated white employees and other white employees by IPS management.

11. Ms. Humphrey filed her first grievance for racial discrimination, hostile work

environment, and other working condition issues in September of 2011.

12. Though Ms. Humphrey filed a grievance in September of 2011 to Vice President George Morrison, Ms. Humphrey is not aware of an appropriate investigation or corrective action taking by IPS to address Ms. Humphrey's grievance regarding the discriminatory actions.

13. Ms. Humphrey reported another grievance in December 2011 to Jackie Mesi (human resources) and Keith Scott (IT Director) regarding racial discrimination and retaliation. Ms. Humphrey is not aware of an appropriate investigation or corrective action taking by IPS to address Ms. Humphrey's grievance regarding the discriminatory action.

14. On January 19, 2012, Ms. Humphrey filed a Charge of Discrimination with the EEOC.

15. On November 5, 2012 Ms. Humphrey was given Separation Notice stating the circumstances of the separation was her resignation, which was false.

16. IPS's termination was pretext for IPS's true motivation, which was discrimination based on Ms. Humphrey's race and in retaliation for her report of race discrimination and in furtherance of the hostile work environment for African-American employees at IPS.

## Causes of Actions

17. IPS committed discrimination against Ms. Humphrey when it terminated her on the basis of race, African-American, in violation of Title VII of the Civil Rights Act.

18. IPS committed retaliation by discriminating against Ms. Humphrey when she

was terminated after reported acts of discrimination in violation of Title VII of the Civil Rights Act IPS discriminated against Ms. Humphrey when it created a hostile work environment in violation of Title VII of the Civil Rights Act when IPS managers and other employees made numerous racially insensitive remarks towards Ms. Humphrey and other African-American employees.

19.     IPS discriminated against Ms. Humphrey when it created a hostile work environment in violation of Title VII of the Civil Rights Act when IPS engaged in a pattern of consistently terminating and replacing similarly-situated African-American employees with Caucasian employees

20.     IPS discriminated against Ms. Humphrey when it created a hostile work environment in violation of Title VII of the Civil Rights Act when IPS did not appropriately investigate or take corrective action after receiving numerous reported grievances regarding racial discrimination, retaliation, and other working condition issues.

21.     As a result of these violations, Ms. Humphrey seeks recovery for back pay, front pay, emotional distress, reinstatement, all benefits incident to employment, punitive damages, attorney's fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Ms. Humphrey prays the Court will enter a judgment against Defendant for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief that the Plaintiff shows herself to be justly entitled.

RESPECTFULLY SUBMITTED this the 20th day of December, 2012.

                        LAW OFFICE OF J. HOUSTON GORDON

        BY: _____
             WILLIAM A. WOOTEN (#26674)
             Attorney for Plaintiff
             P. O. Box 846
             Suite 300, Hotel Lindo Bldg.
             114 W. Liberty Avenue
             Covington, TN 38019-0846
             (901) 476-7100/Telephone
             (901) 476-3537/Facsimile

      We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

                        _____
                        LAW OFFICE OF J. HOUSTON GORDON